**E-FILED**
Wednesday, 30 June, 2010  11:27:14 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,**    ) | |
| ) | |
| **Plaintiff,**    ) | |
| **v.**    ) | **Case No. 03-CR-20057** |
| ) | |
| **TONY T. CLARK,**    ) | |
| ) | |
| **Defendant.**    ) | |

### OPINION

On June 28, 2010, Defendant, Tony T. Clark, filed a pro se Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) (#137).  This court concludes that Defendant's Motion (#137) must be DENIED.

### BACKGROUND

On July 10, 2003, Defendant was charged by indictment with the offense of possession of 50 or more grams of cocaine base ("crack") with the intent to distribute.  On August 18, 2004, following a jury trial, Defendant was found guilty of the charge.  A sentencing hearing was held on January 21, 2005.  Because Defendant had two prior convictions of qualifying drug offenses, Defendant was sentenced to a term of life imprisonment, the statutory mandatory minimum sentence.

Defendant filed a Notice of Appeal (#97).  On May 18, 2006, the Seventh Circuit Court of Appeals entered an Order which confirmed Defendant's conviction and sentence.  The Seventh Circuit rejected all of Defendant's arguments, including his argument that his sentence violated the Sixth Amendment because his prior convictions were not proven to a jury beyond a reasonable doubt.  The court noted that Apprendi v. New Jersey, 530 U.S. 466 (2000), by it own terms, did not apply to prior convictions.  The court also stated that Defendant's sentence was a mandatory minimum sentence and Apprendi does not apply to mandatory minimums.

Defendant then filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in Case No. 07-CV-2185.   On June 20, 2008, this court entered an Opinion which denied Defendant's Motion.  This court concluded that Defendant had not shown that he was denied the effective assistance of counsel.  Defendant appealed this court's ruling, and, on November 24, 2008, the Seventh Circuit Court of Appeals entered an Order denying Defendant's request for a certificate of appealability.

ANALYSIS

With his latest Motion (#137), Defendant is seeking a sentence reduction based on Amendment 706, the retroactive amendment to the sentencing guideline regarding crack cocaine sentencing.  However, it is now well settled that Amendment 706 does not affect, and cannot reduce, a statutory, mandatory minimum sentence.  See United State v. Monroe, 580 F.3d 552, 559-560 (7th Cir. 2009); United States v. Poole, 550 F.3d 676, 678-79 (7th Cir. 2009).  Defendant's sentence "was 'based on' a statutory minimum, not a sentencing range that Amendment 706 lowered."  See Poole, 550 F.3d at 678.

Defendant therefore argues that both of his prior drug convictions are "invalid" so that he should not have been subjected to a statutory mandatory minimum sentence.  However, the decision regarding whether the prior drug convictions subjected Defendant to a statutory mandatory minimum sentence of life imprisonment was made by this court at sentencing on January 21, 2005.  "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, ___ S. Ct. ___, 2010 WL 2400109, at *5 (June 17, 2010), quoting 18 U.S.C. § 3582(b).  The United States Supreme Court in Dillon made clear that Amendment 706 does not entitle a defendant to a "resentencing" where matters decided at the defendant's original sentencing are subject to review and

2

correction.  <u>Dillon</u>, 2010 WL 2400109, at *9.

IT IS THEREFORE ORDERED THAT Defendant's pro se Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) (#137) is DENIED.

ENTERED this 30th day of June, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE